JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **In re** | ) **Case No.: EDCV 10-00941-CJC** |
| **PROTRON DIGITAL** | ) |
| **CORPORATION, ET AL.** | ) |
| **Debtors,** | ) |
| | ) **ORDER DISMISSING APPELLANT'S** |
| _____ | ) **APPEAL FOR LACK OF** |
| | ) **JURISDICTION** |
| **CITRON & DEUTSCH, A LAW** | ) |
| **CORPORATION,** | ) |
| **Appellant,** | ) |
| **vs.** | ) |
| | ) |
| **YA HSIN INDUSTRIAL CO., LTD.,** | ) |
| **Appellee.** | ) |
| _____ | ) |

## I. INTRODUCTION

Appellant Citron & Deutsch ("Citron"), a law corporation, filed this appeal from a June 2, 2010 order (the "Order") of the United States Bankruptcy Court for the Central District of California compelling Citron to turn over certain documents to Appellee Ya Hsin Industrial Co., Ltd. ("Ya Hsin") and making findings concerning the attorney-client privilege and work product protection. For the reasons explained below, the Court DISMISSES Citron's appeal because 28 U.S.C. § 158(a) does not provide jurisdiction to decide it.

## II. BACKGROUND

Ya Hsin is the largest secured creditor of Protron Digital Corporation and Spectroniq Digital, Inc. (collectively "Debtors"). *See* Joint Excerpts of Record on Appeal ("JER") 124, 145. In 2007, Ya Hsin filed suit against Debtors in California state court alleging that Debtors breached a sales agreement.

Citron is a law firm that provided legal services to the Debtors beginning in June 2006 and prior to their bankruptcy. *See* Appellant's Opening Br. at 7, 14. A portion of Citron's work included defending the Debtors in the suit brought by Ya Hsin. *Id.* at 14. Citron also provided services to Leo Chen, a former officer of Debtors, "related solely to his personal matters, including estate planning, financial planning, and real estate acquisitions." *Id.* at 7.

In Ya Hsin's state court action against the Debtors, the state court initially appointed a receiver (the "Receiver"), Douglas Wilson, in 2007 to have limited responsibilities with respect to proceeds from the sale of the Debtor's consumer electronic goods. JER 165. Through subsequent orders, the state court expanded the

Receiver's responsibilities such that the Receiver was overseeing all of the Debtors' affairs. JER 165. On June 6, 2008, the Receiver filed voluntary petitions on behalf of the Debtors for relief under Chapter 11 of the Bankruptcy Code. JER 165. At that time, the Debtors "were no longer conducting business operations, except for limited customer service and associated parts sales." JER 165.

Pursuant to a settlement, Ya Hsin received $2,512,500 from the Debtors in partial satisfaction of its total $115,772,186 claim against the Debtors' estate. JER 145. The Joint Chapter 11 Plan of Liquidation (the "Plan") approved by the Bankruptcy Court further empowered Ya Hsin to step into the shoes of the Debtors with respect to (1) pursuing litigation claims available to the Debtors and (2) disposing of certain remaining assets. Indeed, the Plan provided that:

> Ya Hsin, on behalf of Debtors' and Liquidating Debtor's estates, will retain and have the exclusive right to prosecute the Litigation Claims. . . . [And] Ya Hsin shall have the right, in its sole and absolute discretion, to decide whether to sell or otherwise dispose of any Remaining Assets and Litigation Claims. Any proceeds derived from the sale or disposition of such assets will be distributed as provided in this Plan.

JER 153. The Plan defined Litigation Claims as "all claims, torts, demands, actions or causes of action of any kind or nature whatsoever, whether known or unknown, that Debtors or their Estate may have, except to the extent that such rights, claims, and causes of action are expressly released in this Plan." JER 136. Remaining Assets are "all of the Liquid Assets and Discovered Assets, excluding Litigation Claims, the Administrative Expense Reserve, and the $150,000 to be used to fund payments to Class 4 under the Plan, remaining in the Estate on the Effective Date." JER 138.

1    Ya Hsin has already filed an adversary case against Citron alleging it is liable to

2    the Debtors' estate for legal malpractice and breach of fiduciary duty among other

3    claims.[1]  *See* JER 532–46.  On April 28, 2010, Ya Hsin filed a motion with the

4    Bankruptcy Court asking that court to compel Citron to turn over to Ya Hsin "any and all

5    documents and things pertaining to their representation of the Debtors pursuant to 11

6    U.S.C. § 542(e)."[2]  JER 331.  In addition, Ya Hsin requested that the Bankruptcy Court

7    find that (1) Ya Hsin held the Debtors' attorney-client privilege with respect to all work

8    performed for Debtors and jointly for Debtors and Mr. Chen and (2) the work product

9    protection did not apply to preclude such disclosure.  JER 331.

10

11    On June 2, 2010, the Bankruptcy Court granted Ya Hsin's motion.  The Order first

12    found that Ya Hsin held the Debtors' attorney-client privilege for "all documents,

13    communications and other things created by or delivered to [Citron], regardless of when

14    such items were created or delivered" and whether Citron performed that legal work on

15    behalf of Debtors alone or Debtors and Mr. Chen jointly.[3]  JER 521–22; *see also* JER 522

16    (explaining that the Order related to "all of [Citron]'s records related to its representation

17    of the Debtors, both with respect to Debtors-only representation(s) or in cases where

18    [Mr.] Chen and the Debtors (or either of them) were jointly represented by [Citron]").

19    According to the Bankruptcy Court, this finding was warranted because the Receiver

20    obtained and held the Debtors' attorney-client privilege after being appointed to control

21    the Debtors, and the Receivers, in turn, transferred the privilege to Ya Hsin pursuant to

22    the Plan whereby "Ya Hsin assumed control of the Debtors from the Receiver" and was

23

24    [1] Citron represents that Ya Hsin's Complaint had not been properly served upon it as of the date of the
     filing of its opening brief.  *See* Appellant's Opening Br. at 4 n.2.

25    [2] 11 U.S.C. § 542(e) provides that: "Subject to any applicable privilege, after notice and a hearing, the
     court may order an attorney, accountant, or other person that holds recorded information, including
26    books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over
     or disclose such recorded information to the trustee."

27    [3] The Bankruptcy Court clarified that "[d]ocuments created by [Citron] solely in its capacity as Mr.
28    Chen's personal lawyer that are unrelated to the Debtors . . . remain privileged and are not subject to this
     Order."  JER 522.

empowered to pursue all of Debtors' potential litigation claims. JER 521. In short, the Bankruptcy Court found that the Receiver and then Ya Hsin had stepped into the Debtors' shoes with respect to the attorney-client privilege. With respect to the work product protection, the Order concluded that it was "inapplicable to the case at bar because Ya Hsin is the successor-client to the Debtors." JER 522. Accordingly, the Bankruptcy Court, pursuant to 11 U.S.C. § 542(e), ordered Citron and other attorneys that had performed legal work for the Debtors to "deliver their entire files, all documents and other things related to their representation of the Debtors (including electronically stored information) to Ya Hsin within 15 days of the date of the entry" of the Order. JER 522–23.

On June 16, 2010, Citron filed a notice of appeal. On appeal, Citron contends that the Bankruptcy Court's Order was erroneous because Ya Hsin does not control the Debtors' attorney-client privilege and the work product protection shields disclosure.

### III.  ANALYSIS

Ya Hsin contends that the Court lacks jurisdiction to decide the merits of Citron's appeal. The Court agrees.

Federal district courts generally have jurisdiction over appeals of "final judgments, orders, and decrees" of bankruptcy courts. *See* 28 U.S.C. 158(a)(1). Final decisions "typically are ones that trigger the entry of judgment, [but] they also include a small set of prejudgment orders that are 'collateral to' the merits of an action and 'too important' to be denied immediate review." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 603 (2009) (quotingg *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)) (discussing jurisdictional requirements for appeal pursuant to 28 U.S.C. § 1291). The subset of non-final orders reviewable under *Cohen*'s collateral order doctrine "'includes

only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action.'" *Id.* at 605 (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995)). As the Supreme Court has explained, "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of" judges subject to such appellate review. *Id.* at 605 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

Under *Mohawk*, this Court lacks jurisdiction over Citron's appeal pursuant to 28 U.S.C. § 158(a)(1) because the Bankruptcy Court's Order that is at issue is not final. In *Mohawk*, the United States Supreme Court held that an order compelling a party to disclose materials over a party's objection that the materials are privileged and confidential is not an order that is "final" in the typical sense or in the sense meriting review under *Cohen*'s collateral order doctrine. *Id.* at 603, 606. Without expressing a view on whether the order at issue satisfied the first two *Cohen* requirements, the Supreme Court found the third requirement unmet because "postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege." *Id.* at 606. The same analysis applies here.[4] Although Citron asserts that "[r]eview after a final judgment in the bankruptcy actions will be a hollow remedy" after Ya Hsin "view[s] . . . and improperly use[s]" the materials, Appellant's Opening Br.

---

[4] Citron attempts to distinguish *Mohawk* by relying on cases following *Perlman v. United States*, 247 U.S. 7 (1918). Such reliance is unavailing because "the *Perlman* rule applies only when . . . the materials in question are held by a *disinterested* third party." *United States v. Krane*, 625 F.3d 568, 573 (9th Cir. 2010) (emphasis added) (explaining that disinterested third parties "may be likely to" disclose the materials rather than "suffer[] a contempt citation" that would permit immediate appeal); *Wilson v. O'Brien*, 621 F.3d 641, 642 (7th Cir. 2010) ("Later decisions have understood *Perlman* as establishing a rule that a party may obtain interlocutory appellate review of disclosure orders directed against disinterested third parties."). Citron is clearly interested in the resolution of these issues, especially in light of Ya Hsin's suit against Citron alleging that it is liable for legal malpractice and breach of fiduciary duty. *See* JER 532–46; *see also* Appellant's Reply Br. at 7 (arguing that Citron is "clearly in an adversarial relationship with" Ya Hsin and that requiring disclosure would be "fundamentally unjust and unfair").

-6-

at 2, *Mohawk* expressly considered and rejected such contentions, *see* 130 S. Ct. at 605, 606–07.  Moreover, if Citron truly believes that immediate appellate review is imperative, it can seek such review by utilizing "[a]nother long-recognized option . . . defy[ing] [the] disclosure order" and being held in contempt.  *Id.* at 608; *United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010) (discussing availability of immediate appellate review when subpoenaed individual or entity refuses to comply with the subpoena and is held in contempt).

The Court's conclusion is not contradicted by authority supporting a more flexible and pragmatic approach to evaluating the finality of orders in the bankruptcy context by "focus[ing] upon whether the order affects substantive rights and finally determines a discrete issue." *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 854 (9th Cir. B.A.P. 2001) (citing *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1506 (9th Cir. 1995)).  This approach properly applies when the bankruptcy dispute "poorly fit[s] the traditional finality model." *Id.*; *see also id.* at 853 ("[T]he idiosyncrasies of bankruptcy sometimes make it difficult to discern whether orders entered in bankruptcy cases are final in the classic sense of ending litigation on the merits and leaving nothing for the court to do but execute the judgment.").  It should not apply to this dispute regarding whether Citron must provide the materials at issue to Ya Hsin because "traditional finality rules are adequate to the task." *Id.* at 854, 855 (holding that "as of right" appeals from orders in a bankruptcy adversary proceeding are governed by the same finality standards as "ordinary federal civil actions"); *see also Butcher v. Bailey*, 753 F.2d 465, 471 (5th Cir. 1985) (finding that a Bankruptcy Court's "order compelling the production of documents [was] not final and therefore [was] not appealable").

The Court also will not exercise jurisdiction pursuant to 28 U.S.C. § 158(a)(3), which vests district courts with jurisdiction over appeals of "other interlocutory orders and decrees" when district courts grant leave to file such appeals.  Although Citron has

failed to file a motion seeking leave to appeal, *see* Fed. R. Bankr. P. 8001(b), the Court will consider Citron's notice of appeal as a motion for leave to appeal, *see* Fed. R. Bankr. P. 8003(c). "Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 882 (9th Cir. B.A.P. 1995). This case does not satisfy these requirements. It does not appear that immediate appeal will materially advance ultimate termination of the litigation and the issue presented—as evidenced by the Bankruptcy Court's straightforward finding that Ya Hsin had stepped into the shoes of the Debtors and held the Debtors' privilege—is not one where there is a substantial ground for difference of opinion.

Finally, Citron's alternative request that the Court issue a writ of mandamus is denied because this case does not present the type of exceptional case warranting such relief. *See Mohawk*, 130 S. Ct. at 608 (explaining mandamus may be available in "extraordinary circumstances" where the disclosure order is a clear abuse of discretion or "otherwise works a manifest injustice"); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1154 (9th Cir. 2010) (exercising mandamus review where the case fell with a "small class of extraordinary cases" that raise "extraordinarily important questions of first impression concerning the scope of a privilege"). In particular, relevant factors weigh against or do not favor mandamus here because it does not appear that Citron has "no other means . . . to obtain the desired relief" given the availability of immediate review after a contempt citation, the Bankruptcy Court's Order was not "clearly erroneous as a matter of law," the Order does not present "an oft repeated error or manifest[] a persistent disregard of the federal rules," and the Order does not "raise[] new and important problems or issues of first impression." *See Perry*, 591 F.3d at 1156.

## IV.  CONCLUSION

For the foregoing reasons, Citron's appeal is hereby DISMISSED for lack of jurisdiction.


DATED:     April 27, 2011

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE